## In re **PYRAMID RESTAURANT EQUIPMENT CO., INC., Debtor.**

### Bankruptcy No. 81–21727.

United States Bankruptcy Court,
W.D. New York.

Nov. 8, 1982.

Louis A. Ryen, Rochester, N.Y., for debtor.

Robert L. Handros, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The subject debtor is in a Chapter 11 and has been proceeding towards its confirmation. Their reorganization plan has been filed and their disclosure statement has been approved. As yet, a confirmation hearing has not been scheduled. An application has been made by this debtor to hold Internal Revenue Service of the United States of America in contempt of Court for sending a collection summons regarding financial records to one of the firm's banks. A hearing has been held on the matter and it has been submitted for decision.

The applicant herein filed its petition for reorganization in Chapter 11 on November 2, 1981. The United States Internal Revenue Service received notice of their filing in Chapter 11. The Internal Revenue Service filed a claim in the bankruptcy on April 6, 1982. On or about June 30, 1982, the Internal Revenue Service, by one of its revenue officers, issued a collection summons to Lincoln First Bank concerning the tax liability of the debtor. The bank was sent the collection subpoena and a page entitled "Provisions of the Internal Revenue Code" which spells out penalties for refusing to comply with the collection summons. The collection summons which was issued is titled "In the Matter of the Tax Liability of Pyramid Restaurant Equipment Co. of 70 Hinchey Road, Roches-ter, New York" and covers the periods ending June 30, 1981, September 30, 1981 and December 31, 1981. It was directed to Lincoln First Bank, one of the debtor's banks. It required that

bank to forward to IRS bank signature cards which were in effect between April 1, 1981 and December 31, 1981 and corporate resolutions that were in effect between April 1, 1981 and December 31, 1981. The summons was returnable on July 11, 1982. Lincoln First Bank turned over to Internal Revenue Service the documents that were requested. The debtor claims that this affected their banking relationship with Lincoln First Bank and they had to get another bank.

Internal Revenue Service maintains, based upon an affidavit by Mr. Vitalone, the revenue officer issuing the summons, supporting their answer to the motion, that the purpose of the summons was to determine the identity of the person or persons who had authority to issue checks or make withdrawals from the debtor's bank account and to determine whether such individuals were the persons who willfully failed to collect or truthfully account for and pay over the federal income tax and federal insurance contribution taxes. But this is not apparent from the face of the summons. The summons specifically seeks to establish the tax liability of the debtor and in doing this, violates the stay of 11 U.S.C. 362(a).

There is no question but what the Internal Revenue Service had full knowledge of the bankruptcy and, consequently, the bankruptcy stay. In fact, their attorney, in response to the motion for contempt, argued that Internal Revenue Service has a right to secure the information which they were seeking. They say that they fall within the exception of 11 U.S.C. 362(b)(8) which permits the issuance to the debtor by a governmental unit of a notice of tax deficiency. However, the information summons was not a notice of tax deficiency.

From the foregoing, it is clear that Internal Revenue Service with full knowledge of the bankruptcy stay deliberately violated the stay imposed by 11 U.S.C. 362(a). Therefore, they are guilty of civil contempt in this matter and a fine of $250 is assessed against the Internal Revenue Service in favor of the debtor together with attorney's fees for the debtor in the amount of $250 plus costs and it is so ordered.