In re Charles E. PIERSON, Debtor.

**Bankruptcy No. 82–21413.**

United States Bankruptcy Court,
W.D. New York.

Oct. 14, 1983.

Louis A. Ryen, Rochester, N.Y., for debtor.

Stuart P. Gelberg, Jericho, N.Y., for Richard Gill Co.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor seeks to hold the creditor, Richard Gill Company, Stuart Gelberg and Philip Irwin Aaron, P.C., in contempt of Court for violating 11 U.S.C. § 362(a). A hearing has been held by the Court to ascertain the facts.

The facts appear to be as follows. On December 22, 1982, the debtor filed his petition in bankruptcy. On January 25, 1983, the attorney for the estate filed a report of no distribution. On January 26, 1983, the Richard Gill Company through its attorneys, Stuart Gelberg and Philip Irwin Aar-

on, P.C., commenced an adversary proceeding for the lifting of the stay under 11 U.S.C. § 362(d). The preliminary hearing was scheduled before this Court on February 24, 1983. In the interim period, the attorneys for the debtor and creditor attempted to resolve the issues and the attorney for the debtor felt that he had reached an agreement with the creditor. However, on February 16, 1983, when he spoke to Gelberg, he was told that the house on which Richard Gill Company held the mortgage was being boarded up. The debtor testified that he was having domestic difficulties with his wife, they had separated and since January of 1983 he had been sleeping at the premises in question approximately four times a week. On February 16, 1983, he was by the house and it was OK. On February 17, 1983, when he and a friend came by, they found that the house was half boarded up and that entry had been forced. On February 19, 1983, the house was completely boarded up. On February 20, 1983, he got in touch with his attorney. This Court at the preliminary hearing required the Richard Gill Company and the attorney who appeared for them on that date to provide the attorney for the debtor information regarding the boarding up of the property. It was not provided during March of 1983 and subsequently, this Court denied the application to lift the stay by an Order dated April 4, 1983.

A hearing has been held on the injuries suffered by the debtor when this creditor took possession of the property. It appears from the testimony given at that hearing that certain items of personal property such as a vacuum cleaner, tools and a Sears engine analyzer were missing from the property. The Court observed that the debtor seemed to be considerably disturbed by the high-handed methods taken by the Richard Gill Company in repossessing the property. In addition, in the month of February of 1983, in northern New York where the winters are cold, the fuel lines to the debtor's home were severed, the electrical lines were severed, windows were broken, the door was forced open to the debtor's domicile and windows and doors were completely boarded up.

The Richard Gill Company and its attorney have defended this Motion for contempt claiming that the Bankruptcy Court lacks jurisdiction to find a party in contempt and must certify the question to the District Court; second, that the trustee is the only one who has the right to bring this Motion as representative of the estate, and finally, that since the trustee filed a report of no distribution, that the property was abandoned and not protected by the automatic stay.

█ With regard to the first objection, the District Court has affirmed an Order of this Court finding IRS in contempt during Northern Pipeline's extended stay (*In re Pyramid Restaurant Equipment Co., Inc.,* 24 B.R. 455 (Bkrtcy.N.Y.) affirmed March 21, 1983). The civil contempt power of this Court can still be exercised under 28 U.S.C. § 1481 within the parameter of the Interim Rule. Several Courts have addressed the question whether an action in violation of the stay amounts to disobedience, to the lawful writ process, order, rule, decree or command of the court. *In re Eisenberg,* 7 B.R. 683, 691 (Bkrtcy.E.D.N.Y.1980) found that the automatic stay provisions of the 11 U.S.C. § 362(a) were designed to expedite automatically the stay which otherwise could be obtained by an order. It found that its violation could be punished by contempt. This Court may exercise its civil contempt powers for violation of 11 U.S.C. § 362 after a hearing and without certification to the District Court.

█ The second objection to the exercise of the contempt powers by this Court is that the trustee representing the estate has to bring the action. However, this debtor has equity in the property and has a right to protection of that property under the contempt powers.

█ Finally, a report of no distribution does not terminate the automatic stay. 11 U.S.C. § 362(c) sets forth the times when the stay ceases. The stay continues as long as the property is property of the estate and

it does not cease being property of the estate until the case is closed, terminated or the property is abandoned either constructively or factually under 11 U.S.C. § 554.

■ There only remains to assess the amount necessary to reimburse the debtor for his losses as a result of the defendant's violation of the stay. The debtor lost tools, vacuum cleaner and various other items during this procedure and while he offered no proof of the value of these items, $50 should reimburse him for the loss and his inconvenience. The Court observed the emotional upset caused by the harassment of the debtor by the creditor, Richard Gill Company, and its attorney, a $1,000 should be fair compensation for this personal harassment. The debtor did not offer proof of the cost of repairing the heating lines and electric lines, the repair of the broken windows and locks on the door. However, having in mind the general cost of such repairs, $150 would not be excessive. The attorney for the debtor has asked for compensation for bringing this action and has appeared at least three times before this Court to pursue this contempt proceeding against the defendants and $750 is fair compensation for his time and effort.

Therefore, Richard Gill Company, Stuart Gelberg and Philip Aaron, P.C. are jointly and severally fined $1,200 to be paid to the debtor and they are jointly and severally assessed $750 attorney fees to be paid by those defendants to the debtor's attorney. In addition, seven days from the date hereof the creditor shall jointly and severally be fined $150 per day until such time as they return the property to the debtor in the condition it was in prior to their unlawful entry and it is so ordered.